# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

MARIAM KALEKU,                    )
                                  )
            Plaintiff,            )
                                  )        CPU4-23-001413
      v.                          )
                                  )
ROLAND OSEI BONSU,                )
                                  )
            Defendant             )


Mariam Kaleku                              Roland Osei Bonsu
205 Harlequin Drive,                       550 S Dupont Highway, Apt 491
New Castle, DE 19720                        New Castle, DE 19720
*Pro Se Plaintiff*                          *Pro se Defendant*


## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS FOR ORDER

## AWARDING DAMAGES

On September 3, 2022, Mariam Kaleku ("Plaintiff/Appellant") filed a civil action against Roland Osei Bonsu ("Defendant/Appellee") alleging breach of action contract, unjust enrichment, and violation of The Delaware Consumer Fraud Act[1] in the Justice of the Peace Court.

On April 18th, 2023, Justice of the Peace Amanda Moyer found in favor of Defendant, with no money awarded.

On May 2, 2023, Appellant filed an appeal to the Court of Common Pleas.

On May 9, 2023, service was perfected upon Appellee, Roland Bonsu.

On March 13, 2024, Judge Monica Horton granted Appellant's Motion for Default Judgment due to Appellee's failure to appear for trial.

---

[1] 6 *Del. C.* § 2511

On April 16, 2024, the matter was scheduled for a Damage Hearing before Commissioner Emily Ferrell.

Appellant was present at the hearing, but Appellee failed to appear. Appellant submitted three pieces of evidence. Two money orders of $8,500.00 and $2,200.00 used to purchase the vehicle and a $500.00 payment made by Appellee to Appellant. Appellant testified of two cash payments of $1,500.00, each for shipment costs to Ghana and towing costs to Delaware, as well as $500 paid to Appellee for the cost of parts[2].

## FACTS

Based on the testimony and evidence presented at the hearing, the Court finds the following relevant facts:

In January of 2020, Appellant contacted Appellee to purchase a vehicle for her mother. The parties reached an agreement for the purchase of a Toyota Rav-4 with an intent for the Appellee to ship the vehicle to Ghana. Appellant provided two money orders of $8,500.00 and $2,200.00 to Appellee to purchase the vehicle. Appellant also provided $1,500.00 in cash for shipping costs, $1,500.00 for have the vehicle towed to Delaware, and $500.00 to replace the bumper, lights, and battery.

At the hearing, Appellant testified that Appellee breached the agreement as the vehicle was sold to an unknown third party in Ghana and not delivered to her mother, as intended. As a result, Appellant requested a refund of both the vehicle amount and the shipping costs.

---

[2] Parts purchased include one (1) bumper, lights, and one (1) battery.

## STANDARD OF REVIEW

As the trier of fact, the Court has sole discretion to determine the credibility of the witnesses and the evidence provided.[3] When the Court finds the evidence presented at trial conflicts, it is the Court's duty to resolve these conflicts, if possible, and find congruity.[4] If the Court is unable to balance the conflicting testimony, the Court must determine the portions of the testimony that deserve greater weight in the final judgment.[5] Any portion of testimony that the Court finds unfitting for consideration must be disregarded.[6] The Court considers, " the witnesses' demeanor, the fairness and descriptiveness of their testimony, their ability to personally witness or know the facts about which they testify, and any biases or interests they may have concerning the nature of the case."[7]

## DISCUSSION

As set forth in Court of Common Pleas Civil Rule 55(b)(2), the Court may hold a hearing to "determine the amount of damages or, to establish the truth of any averment by evidence or to make an investigation into any other matter." Delaware law requires damages to be proven "with reasonable" certainty"[8].  It does not require for mathematical precision in calculation, "where a wrong has been proven and injury established."[9]  "The quantum of proof required to establish the amount of damage is not as great as that required to establish the fact of damage."[10]  The Court,

---

[3] *Nat'l Grange Mut. Ins. Co. v. Davis*, 2000 WL 33275030, at *4 (Del. Com. Pl. Feb. 9, 2000).
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Leep v. Weline*, 2018 WL 301089, *5 (Del. Com. Pl. Jan. 3, 2018).
[8] *Pharmathene, Inc. v. SIGA Tech, Inc.*, 2010 WL 4813553, at *11 (Del. Ch. Nov. 23,2010).
[9] *Del. Express Shuttle v. Older*, 2002 WL 31458243, at *15 (Del. Ch. October. 23, 2002)(quoting *Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Productions, Inc.*, 1992 WL 251380, *7(Del. Ch. Sept. 29, 1992)).
[10] *Total Care Physicians, P.A. v. O'Hara*, 2003 WL 21733023, at *3 (del. Super. July 10, 2003).

however, cannot award damages based on "mere speculation or conjuncture where Plaintiff fails to adequately prove damages."[11]

Appellant is seeking to recover the total costs of the agreement, $14,000.00; $10,500.00 for the price of the car, $1,500.00 for shipping costs for the car to be transported to Ghana, $1,500.00 for towing costs to have the car transported to Delaware, and $500.00 for the costs of parts. The Court finds Appellant's testimony credible and will therefore award all damages presented, less the $500.00 paid to Appellant by Appellee, as Appellant never received the vehicle contracted for.

## CONCLUSION

Therefore, it is recommended this 16th day of May 2024, that judgment be entered for the Appellant in the amount of $13,500, plus post judgment interest at the legal rate until paid.

Emily A. Ferrell,
Commissioner

This _____ day of _____, 2023, neither Party having filed objections to the Commissioner's Proposed Findings of Fact, and Recommendations in the above-captioned case, which were set forth in the Commissioner's Report, dated _____ and mailed to the Parties on said date, the Court hereby accepts the Commissioner's proposed findings of fact, conclusions and recommendations.

**IT IS SO ORDERED.**

_____
JUDGE.

---

[11] *Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, 2020 WL 948513, at *23 (Del. CH. Feb. 27, 2020)(quoting *Medicalgorithmics S.A. v. AMI Monitoring Inc.*, 2016 WL 4401038, at *24 (Del. Ch. Aug. 18, 2016)).